[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 6, 2011
JOHN LEY
CLERK

_____

No. 10-14047
Non-Argument Calendar

_____

D.C. Docket No. 8:08-cr-00334-EAK-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY DRAYTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 6, 2011)

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Gregory Drayton appeals his sentence of 24 months of imprisonment

following the revocation of his supervised release. Drayton argues that his sentence should be vacated because the district court failed to provide a written statement to explain why it varied upward from the guideline range, 18 U.S.C. § 3553(c)(2), and that his sentence is unreasonable. We affirm.

Even if we assume that the district court erred by failing to comply with section 3553(c)(2), its failure to provide Drayton a written statement is harmless. The record establishes that, at Drayton's revocation hearing, the district court explained that it was "imposing a two-year sentence" that was "long overdue" to punish Drayton for failing to "appreciat[e] that . . . the seven-year sentence" he had faced had been reduced to "time served" because he had terminal cancer; remaining "in violation of status . . . his whole first year of supervised release"; and "disregard[ing]" and "flaunting the law" until he was "pushed against the jail cell door." See id. § 3553(a)(1), (a)(2). The district court provided a sufficient explanation for its decision to vary upward from the guideline range of 8 to 14 months of imprisonment. Drayton was not harmed by the failure to provide a written statement.

The district court also did not abuse its discretion by sentencing Drayton to 24 months of imprisonment. The district court considered the guideline range and agreed with Drayton's probation officer that the circumstances warranted

2

sentencing Drayton to the maximum statutory term of imprisonment, see id. § 3583(e)(3). The district court considered the relevant policy statements and sentencing factors and reasonably determined that an upward variance was required to address the seriousness of Drayton's crimes, his disregard for the law, and his likelihood of recidivism. See United States v. Wiggins, 220 F.3d 1248, 1249 (11th Cir. 2000) (affirming sentence of 24 months of imprisonment following revocation of supervised release where defendant faced a sentencing range between 3 and 9 months of imprisonment). Drayton argues that he should have received a "shorter prison sentence" followed by "supervision with the strictest conditions of home confinement" because of his cancer, but the district court reasonably concluded that Drayton was not amenable to supervision. Drayton's probation officer testified that "even after [Drayton] was arrested and placed on home detention, he violated home detention that exact same day." Drayton's medical condition and limited life expectancy do not provide him a license to flout the law. Drayton's sentence is reasonable.

We **AFFIRM** Drayton's sentence.